**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4156**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KEVIN EDWARD MOSES, a/k/a Fats,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.   Gina M. Groh,
District Judge.  (3:11-cr-00047-GMG-DJJ-1)

───────────

Submitted:  September 23, 2013       Decided:  October 3, 2013

───────────

Before NIEMEYER, KING, and THACKER, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

───────────

Carl E. Hostler, PRIM LAW FIRM, PLLC, Hurricane, West Virginia,
for Appellant.   William J. Ihlenfeld, II, United States
Attorney, John C. Parr, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Moses pled guilty, pursuant to a written plea agreement, to aiding and abetting the distribution of crack cocaine within 1000 feet of a protected location (an elementary school) and was sentenced to a within-Guidelines sentence of 262 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Moses' plea was knowingly and voluntarily entered and whether his sentence is reasonable. Moses filed a pro se supplemental brief raising additional sentencing issues. In addition, the Government has filed a motion to dismiss the appeal based on the waiver in the plea agreement. For the reasons that follow, we affirm the conviction and dismiss Moses' appeal of his sentence.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine whether a

2

waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). In addition, the purpose of the Fed. R. Crim. P. 11 colloquy is to ensure that the plea of guilty is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Moses' guilty plea and waiver of his appellate rights was knowing, intelligent, and voluntary. The appellate waiver included Moses' right to appeal any sentence imposed, except a sentence above the advisory Guidelines range. Here, the district court sentenced Moses within the advisory Guidelines range and, therefore, he has waived appellate review of his sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the conviction, grant the Government's motion to dismiss in part, and dismiss Moses' appeal of his sentence. This court requires that counsel inform Moses, in writing, of the right to petition the Supreme Court of the United States for further review. If Moses requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moses. We dispense with

4

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>